ON MOTION FOR REHEARING

COBB, J.
Pursuant to motion for rehearing, we vacate our prior decision in this cause dated December 22, 1998, and substitute therefor the following:
The defendant was found guilty following jury trial of two counts of sexual battery. He moved for a new trial on the grounds, inter alia, of prosecutorial misconduct and trial court error in excluding exculpatory testimony. This motion was denied by the trial court. It should have been granted. The state’s case, consisting primarily of the testimony of the female victim, was that the seventeen year old defendant picked up the fifteen year old victim at her home on the evening of January 1, 1996; he then drove her in a red two-door ear to his apartment and forcefully assaulted her after they smoked marijuana together.
The only defense witness presented at trial was the defendant’s father. The father testified that the defendant lived in a converted garage of his grandmother’s home in Bre-vard County. The father lived in Avon Park. In mid-December, 1995, he gave his son a 1989 two-door red Ford Escort. The defendant had curfew problems and a license suspension, which prompted his father to come to Brevard County on December 27th and confiscate the car keys, leaving the car at the grandmother’s house. The father testified:
Yes, I rounded up the keys, his keys, a set of keys that I purposely hid for emergency purposes, and the magnetic key that was on the vehicle. Just as a safety factor, did a good search of the area to be sure there weren’t any extras and I took them back to Avon Park with me.
To further insure that the car was not driven, according to the father’s testimony, he recorded the odometer reading; on the second weekend of January, 1996, he again noted the odometer reading and it was unchanged.
In this regard, defense counsel inquired:
Q. Did you, in fact, annotate the mileage?
A. Yes, sir.
Q. You wrote it down?
*821 A. Yes, sir.
The state objected, stating “[w]e either have a discovery violation or we have hearsay.” The trial court then heard argument outside the jury’s presence. The state argued that (1) if the mileage had not been recorded at the time it was noted then it would constitute inadmissible hearsay, or (2) if the mileage had been recorded, the testimony would be inadmissible because the state had not been advised of any such written notation. Defense counsel responded that he was not seeking introduction of the actual mileage but rather the observation of the witness that the odometer reading remained unchanged between December 27,1995 and mid-January 1996. The trial court ruled:
... I’m not going to let in the document in which he had written down, particularly since it’s not been reviewed by the State
... I think it is appropriate testimony, what his memory is. If he’s written it down, I don’t think that would be relevant and -mil not let in any writing about the mileage.
(Emphasis added).
Thereafter defense counsel further inquired of the witness:
Q. Did you happen to annotate what the mileage was on that ear at that time?
A. Yes, I did.
[[Image here]]
Q. The second week of January of ’96, sir, did you happen to check the odometer? A. Yes, sir.
Q. How did the odometer reading in the second week of January of ’96, compare to the odometer reading, when you left the car and took the keys on December 27th or December 28th of 1995?
A. It was the same.
On cross-examination, the state inquired of the witness:
Q. And you checked the mileage odometer on that car before you left, correct?
A. Yes.
Q. And that was after you said you were sure you confiscated all the keys?
A. At the same time.
Q. You checked it again when you came back in January?
A. Yes.
[[Image here]]
Q. Did you write down the mileage on the day when you first checked it?
A. Yes, I did.
Q. Do you have that written down with you today?
A. Yes, I do.
Q. Could you please present it to us?
Is that the number that you wrote down at the time you recorded it?
A. Uh-hum. That is the exact piece of scratch paper that I took with me as the mileage and odometer, I mean as the trip odometer.
And the other evening going through some papers at the house, there it was.
Q. So you had that piece of paper with you this morning then?
A. Yes.
STATE: Your Honor, the State objects on a discovery violation on part of the defense.
The jury was removed and argument was again had. The state urged that it had been prejudiced by the defense’s failure to disclose the piece of paper on which the witness had noted the odometer reading because the state had not been able to investigate the matter fully. The trial court noted:
It’s certainly a critical issue as to whether or not the car was moved, because the victim’s testimony was that he picked her up and drove her there and then drove her home. You cross-examined her at some length about the description of the car. She said that she didn’t remember what kind of car it was and she said that she didn’t remember what color it was.[1]
*822 The trial court then concluded that a discovery violation had occurred and granted the state’s motion to strike the father’s testimony. Accordingly, the jury was instructed:
Ladies and gentlemen, after argument of counsel over the issue, I am going to rule that it was error to admit evidence of the mileage of the car and I should not have admitted it, and I instruct you to disregard it.
The state initially objected to the introduction of the actual slip of paper on which the witness had noted the mileage, twice categorizing it as a discovery violation in the presence of the jury, and thereby insinuating wrongdoing by the defendant. At the bench conference, counsel for the defendant indicated that he had no intention of introducing the actual notation.[2] The trial court clearly ruled that the actual writing would be inadmissible. Defense counsel complied with the trial court’s ruling and merely elicited from the witness his observations that the odometer reading had remained unchanged between December 1995 and mid-January 1996. However, despite the trial court’s ruling, the state asked the witness to produce the writing, and, incredibly enough, then proceeded to object when the witness complied. Based on this objection, the trial court erroneously struck the exculpatory testimony of the witness.
The issues presented to the jury in the instant case rested on a determination of the victim’s credibility. Thus, the odometer reading which cast doubt on her statement that the defendant picked her up in a two-door red car could have been critical to a defense theory. This evidence was precluded by the violation by the prosecutor of the trial court’s previous ruling. In striking the witness’s testimony, the trial court allowed the state to profit by its own misconduct.[3] We cannot condone the tactics of the prosecutor nor can we find the error in this case to be harmless pursuant to State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, the defendant’s conviction is reversed, and this cause is remanded for a new trial.
REVERSED AND REMANDED.
GRIFFIN, C.J., concurs.
THOMPSON, J., concurs specially with opinion.

. On at least two occasions, the victim had testified that the defendant picked her up in a red two-door hatchback car.

. In this regard, defense counsel stated:
I was simply preparing to ask him if he came back at a later date and checked the mileage to see if it was the same and see if the vehicle had been moved. An what its going to show is that the time that he checked it was after January 1st... .1 don't think it really matters what the real mileage was, Your Honor. The fact that he checked the mileage at a future time, and he determined that it was the same mileage that existed when he took the kid’s keys away, I think that this is the key testimony and that is not hearsay. That is what he observed.

. After having the testimony of the father in regard to the odometer reading stricken, thereby precluding defense counsel from alluding to it in his closing argument, the prosecutor proceeded to attack the father’s odometer testimony in her rebuttal argument after the defense closing. Obviously, the prosecutor was playing with a different set of rules.